### KAIL v. FIELD PONTIAC-CADILLAC CO.

1. Workmen's Compensation — Occupational Disease — Proportionate Cause of Death — Carbon Monoxide Poisoning.

Finding of department of labor and industry that a contributing cause of death of garage employee was an exposure to carbon monoxide poisoning required department to determine the proportion which the occupational disease, as a causative factor, bore to all other causes of the employee's death and to proportion the compensation (Act No. 10, pt. 7, §§ 2, 8, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

2. Same — Occupational Disease — Proportionate Cause of Death — Burden of Proof.

In proceeding to recover workmen's compensation for death of garage employee, where department of labor and industry found an exposure to carbon monoxide poisoning was a contributing factor but failed to make a finding as to the proportion such cause bore to all other causes of death, defendant was not under obligation to offer proofs upon such subject, since plaintiff has the burden of showing the measure of the award to be made (Act No. 10, pt. 7, §§ 2, 8, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

Appeal from Department of Labor and Industry. Submitted January 8, 1941. (Docket No. 31, Calendar No. 41,337.) Decided March 11, 1941.

Myrtle M. Kail presented her claim against Field Pontiac-Cadillac Company and its insurer, Manufacturers' Casualty Insurance Company, for compensation for the death of her husband while in defendants' employ. Award to plaintiff. Defendants appeal. Award vacated and case remanded.

*Bisbee, McKone, Badgley & Kendall,* for plaintiff.

*Oswald M. Robbins,* for defendants.

WIEST, J. This is an appeal by defendants from an award of dependency compensation granted plaintiff under a finding by the department that a contributing factor in causing the death of her husband, Herbert Kail, was an occupational disease arising out of and in the course of his employment by defendant Field Pontiac-Cadillac Company. The occupational disease statute includes carbon monoxide poisoning arising out of any process involving direct exposure to carbon monoxide in buildings, sheds, or any enclosed place. Act No. 10, pt. 7, § 2, subd. 22, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 8485-2, Stat. Ann. 1940 Cum. Supp. § 17.221).

Mr. Kail was a garage mechanic in the service department of the Field Pontiac-Cadillac Company and the department found that on January 10, 1939, while about his duties as such, he "crawled out from beneath an automobile on which he was working. He appeared shaky and staggered as he walked over to the place where the employees kept their coveralls. There, as he was removing his coveralls, he collapsed. He was taken home by fellow employees

where he was later seen by Dr. Don F. Kudner who found plaintiff's decedent to be running a temperature, cyanotic, shaking and having a chill. Dr. Kudner saw him again on the 12th, at which time he still had a slight temperature. Plaintiff's decedent apparently had improved when Dr. Kudner saw him on January 14th as his temperature was normal and the chest and heart examination by Dr. Kudner was negative. The decedent became worse on January 15th and was sent to the hospital at the order of Dr. W. A. Wickham, who was taking care of Dr. Kudner's patients while the latter was out of the city. Plaintiff's decedent died on the following morning from pulmonary edema caused by cardiac failure.''

The department also stated:

''If plaintiff is entitled to the benefits provided by the workmen's compensation act as amended, liability therefor must be predicated on section 2, subsection 22 of part 7. * * *

''In our opinion, based on that history [his previous condition], together with the medical testimony that exposure to carbon monoxide gas can damage the heart muscle and ultimately result in its complete failure, there is only one reasonable conclusion, that is, that the exposure to carbon monoxide gas during the course of his employment with the defendant Field Pontiac-Cadillac Company was a contributing factor in plaintiff's decedent's death due to cardiac failure.''

Defendants claim there was no competent evidence in support of the findings and, in any event, the findings required the department also to determine, under the provisions of section 8 of part 7 of the act (Comp. Laws Supp. 1940, § 8485–8, Stat. Ann. 1940 Cum. Supp. § 17.227), known as the proportional disease provision, the proportion which the said occupational disease, as a causative factor, bore

to all the causes of Herbert Kail's death and hence proportion the compensation accordingly, and that this was not done.

The mentioned provision is as follows:

"Where an occupational disease is aggravated by any other disease or infirmity, not itself compensable, or where disability or death from any other cause, not itself compensable, is aggravated, prolonged, accelerated, or in any wise contributed to by an occupational disease, the compensation payable shall be such proportion only of the compensation that would be payable if the occupational disease were the sole cause of the disability or death as such occupational disease, as a causative factor, bearing to all the causes of such disability or death, such reduction in compensation to be effected by reducing the number of weekly payments or the amounts of such payments, as under the circumstances of the particular case may be for the best interests of the claimant or claimants."

Under the finding made by the department it was the duty of the department to determine the proportion which the said occupational disease, as a causative factor, bore to all the causes of Herbert Kail's death and, hence, proportion the compensation as provided by the statute.

The finding of the department that monoxide poisoning contributed toward Mr. Kail's death from pulmonary edema, caused by cardiac failure, brought the necessity of determining the proportion which the occupational disease, as a causative factor, bore to all the causes of Mr. Kail's death and to proportion the compensation as provided in section 8, part 7, of the act. This was not done, and the case is remanded to the department in order to comply with the mentioned provision of the occupational disease act.

Defendants were not required to offer proofs on that subject for the burden was, and is, upon plaintiff to show the measure of the award to be made. It may be difficult to proportion the compensation but the law to do so is on the statute book and must be obeyed. Defendants who deny liability are not required to establish the proportion of their liability, and there is no merit in the claim made in behalf of plaintiff that the defendants offered no evidence on the point. The liability of defendants to some extent is established.

The award as made is vacated and the proceedings remanded to the department to make proper award.

Defendants will recover costs.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.