COOMBS *v.* KIRSCH CO.

1. WORKMEN'S COMPENSATION—EMPLOYEE'S DUTY TO SUBMIT TO
   REASONABLE OPERATION—RELEASE OF EMPLOYER.
   An injured employee is under obligation to submit to an opera-
   tion not attended with danger to life or health or extraordi-
   nary suffering if, according to the best medical or surgical
   opinion, the operation offers a reasonable prospect of restora-
   tion or relief from incapacity, or release his employers from
   obligation to maintain him.

2. SAME—HERNIA—OPERATION—UNDULANT FEVER.
   Employee who sustained a hernia, compensable under the oc-
   cupational disease amendment of the workmen's compensa-
   tion act, did not waive his right to compensation because of
   his refusal to submit to a proffered operation shortly after
   he had recovered from a severe attack of Malta or undulant
   fever (Act No. 10, pt. 7, § 2, Pub. Acts 1912 [1st Ex. Sess.],
   as added by Act No. 61, Pub. Acts 1937).

3. SAME—OCCUPATIONAL DISEASE—DISABILITY.
   An occupational disease is not compensable unless disability
   results therefrom; disability meaning inability to earn full
   wages at the work at which employee was last employed
   (Act No. 10, pt. 7, §§ 1[a], 3, Pub. Acts 1912 [1st Ex. Sess.],
   as added by Act No. 61, Pub. Acts 1937).

4. SAME—OCCUPATIONAL DISEASES—CONTRIBUTING NONCOMPENSABLE
   CAUSES OF DISABILITY.
   Provision of occupational disease amendment to workmen's
   compensation act requiring payment of only that proportion
   of compensation as the occupational disease causing dis-
   ability or death when it appears to have been aggravated
   by any other disease or infirmity not compensable bears to
   the other noncompensable causes may not be applied when
   the occupational disease is found to be the only cause of

disability and other alleged causes are specifically found not to have been contributing factors (Act No. 10, pt. 7, § 8, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

5. SAME—HERNIA—UNDULANT FEVER—DISABILITY—FINDING OF DEPARTMENT—EVIDENCE.

Record in proceedings by employee who suffered a hernia during employment *held*, to contain evidence to support finding of department that disability was due solely to hernia and not to undulant fever with which plaintiff had also been afflicted.

6. SAME—HERNIA—TOTAL DISABILITY—REFUSAL OF LIGHTER WORK.

An award of total disability was properly made to punch-press operator who first suffered a slight hernia, requested lighter work than that of punch-press operator but it was refused him and he continued until the hernia was so aggravated as to make him feel sick and weak.

Appeal from Department of Labor and Industry. Submitted January 9, 1942. (Docket No. 80, Calendar No. 41,855.) Decided March 17, 1942.

Walter Coombs presented his claim against Kirsch Company for compensation for hernia sustained while in defendant's employ. Award to plaintiff. Defendant appeals. Affirmed.

*Roy H. Hagerman,* for plaintiff.

*J. Paul Wait,* for defendant.

SHARPE, J. This appeal involves an award by the department of labor and industry. Walter Coombs, plaintiff, 27 years of age, was employed as a punch-press operator by defendant, Kirsch Company. About August 28, 1940, he suffered a hernia which occurred while he was pushing a truck load of steel. He reported to his foreman on the same day and was sent by the company to a doctor who

reported that he believed plaintiff could hold his hernia satisfactorily with a truss. Defendant furnished a truss and plaintiff returned to work at his same job. He worked one day when he was taken ill with a flare-up or recurrence of Malta fever, a disease from which plaintiff had suffered prior to his employment by defendant and about which defendant knew at the time of plaintiff's employment. Plaintiff was out of work for about six weeks on account of this illness and upon return to work resumed his former employment which was that of a punch-press operator and in which he was also required to move heavy objects at certain times. After he had worked a week, he asked for lighter work, and at this time defendant offered him an immediate operation for hernia which plaintiff refused because of his recent serious illness. Plaintiff continued on the same job until February 25, 1941. On several occasions plaintiff asked for lighter work, but no different work was offered or provided for plaintiff. On February 25, 1941, plaintiff pushed a barrel of brackets and after this job was completed he felt weak and turned in his time at 1 o'clock in the afternoon.

Plaintiff filed an application for compensation and operative correction because of the hernia. The application was amended to bring it under the occupational disease part of the compensation act. (Act No. 10, pt. 7, § 2, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 8485-2, Stat. Ann. 1941 Cum. Supp. § 17.221]). Defendant denied liability upon the grounds that plaintiff had no compensable disability; and that plaintiff refused to submit to an operation when such an operation would not have been attended with danger to life or health. The deputy commissioner found that plaintiff suffered

from an occupational disease hernia and allowed plaintiff's claim for total disability from February 26, 1941, until further order of the department. Defendant appealed to the department which affirmed the deputy's award.

Defendant appeals and contends that plaintiff forfeited his right to compensation because he refused an operation for hernia, when such operation was recommended by his own doctor.

The rule is well established in this State that, " 'If the operation is not attended with danger to life or health, or extraordinary suffering, and if, according to the best medical or surgical opinion, the operation offers a reasonable prospect of restoration or relief from the incapacity from which the workman is suffering, then he must either submit to the operation or release his employers from the obligation to maintain him.' " *Kolbas* v. *American Boston Mining Co.,* 275 Mich. 616, and cases cited therein; *Pritchard* v. *Ford Motor Co.,* 276 Mich. 246.

The record in this case contains medical testimony as to plaintiff's general physical condition. He has a history of an acute attack of Malta fever, also known as undulant fever, four or five years prior to the occurrence of the hernia, and one severe recurrent attack just after the hernia occurred. At the time of the physical examination for hernia in August, 1940, he had cryptic tonsils and lack of mobility of the lumbar and sacro spine. Other conditions were evident at the time of an examination in February, 1941, *i.e.,* hemoglobin was 50 per cent., tenderness over the gall bladder, and lack of normal utility of the chest wall. His chest expansion was one inch. All doctors testifying agreed that plaintiff is a less than normal operative risk.

Dr. Fred R. Reed testified as follows:

"*Q.* Is it your opinion that an operation at this time would injure this man's life?

"*A.* At the time of the examination on the 24th of February (1941) it was my opinion that it would injure his life.

"*Q.* Have you seen anything in your examination of the man today to change your opinion?

"*A.* The man certainly is in better physical condition today than he was on the 24th, due to the fact he has not been working and exerting himself. I would still say, if he were my own private patient, I would rather see the Malta fever cleared up before I operated.

"*Q.* Is it your opinion, to give him any of those anesthetics you have mentioned, would injure his life?

"*A.* From the standpoint of a physician and surgeon, who has charge of his own anesthetics, we like to see the patient who has got good blood aeration, and a man does not have good aeration if he has a chest expansion of one inch, his oxygen combining power with his blood are lessened, because he could not get the air in, and under these circumstances the use of general anesthetic for major operation should be avoided wherever possible.

"*Q.* In other words you would not recommend it?

"*A.* I would not recommend him as a good surgical risk today."

We have in mind that plaintiff asked for operative correction in his application for compensation; and that at the hearing defendant offered to pay for a hernia operation when it is pronounced safe to have it done. It is our opinion that the record sustains the finding of the department that: "It was not only inadvisable, but also dangerous, for plaintiff to undergo an operation for the hernia."

There is also medical testimony in the record that plaintiff's condition is such that, in the opinion of one doctor, his risk in an operation will always be about the same amount; and that the risk involved in an operation in September, 1940, would have been no greater than it will be for some time in the future. The record sustains the department's holding that plaintiff did not waive his right to compensation because he refused an operation.

Defendant next contends that the department was in error in not finding what percentage of plaintiff's disability is caused by the hernia and by the Malta fever under section 8, part 7 of the compensation act (Comp. Laws Supp. 1940, § 8485-8, Stat. Ann. 1941 Cum. Supp. § 17.227), which provides:

"Where an occupational disease is aggravated by any other disease or infirmity, not itself compensable, or where disability or death from any other cause, not itself compensable, is aggravated, prolonged, accelerated, or in any wise contributed to by an occupational disease, the compensation payable shall be such proportion only of the compensation that would be payable if the occupational disease were the sole cause of the disability or death as such occupational disease, as a causative factor, bearing to all the causes of such disability or death."

An occupational disease is not compensable unless disability results therefrom (section 3 of part 7 of the act [Comp. Laws Supp. 1940, § 8485-3, Stat. Ann. 1941 Cum. Supp. § 17.222]). Disability has been defined by the statute as "the state of being disabled from earning full wages at the work at which the employee was last employed." (Section 1 [a] of part 7 of the act [Comp. Laws Supp. 1940, § 8485-1, Stat. Ann. 1941 Cum. Supp. § 17.220]).

The above-quoted section 8 pertains solely to compensation payable. It can operate only where plaintiff's disability has been caused by "an occu-

pational disease" *and* "any other disease or infirmity, not itself compensable" or "any other cause, not itself compensable." In such cases, the statute clearly stated that it is applicable only where (1) an occupational disease is aggravated by any other disease or infirmity, not itself compensable, or (2) where disability or death from any other cause, not itself compensable, is aggravated, prolonged, accelerated or in any wise contributed to by an occupational disease.

In the case at bar, the department found that plaintiff's disability was caused by an occupational disease hernia arising out of and in the course of his employment, and said: "The evidence also shows that the fever was not a contributing factor in the discontinuance of plaintiff's employment." The record contains evidence to support this finding of the department.

Defendant admits that the medical experts all agreed that the hernia and Malta fever were entirely independent of each other as to the manner in which they were contracted and the effect each had on the other, but it contends that plaintiff's physical condition of having a hernia was aggravated, or made worse, because of the fact that he had Malta fever, which prolonged and prevented an absolute cure of the hernia by operation.

The department found:

"The infirmity resulting from the Malta disease and that resulting from the hernia are two unconnected and unrelated infirmities. The Malta disease in no way affected the extent or proportions of the hernia. The record is barren of any evidence tending to show that the hernia was made worse by the preexisting or recurrent Malta fever."

There is evidence in this record to sustain the finding of the department that the disability caused

by the hernia (occupational disease) was not aggravated by the Malta fever (noncompensable disease). Under such circumstances the act has no application.

Defendant also urges that the department was in error in affirming an award for total disability when the record indicates that plaintiff was able to do normal work even though he had suffered from Malta fever. There is evidence that after plaintiff had the hernia, he asked for lighter work, but it was refused him. He then continued his usual employment until such time as the heavy work aggravated his hernia to such an extent that it made him feel sick and weak. Such evidence is sufficient to support the finding of the department.

The award is affirmed, with costs to plaintiff.

Chandler, C. J., and Boyles, North, Starr, Butzel, and Bushnell, JJ., concurred. Wiest, J., did not sit.