HARDIMAN v. GENERAL MOTORS CORPORATION.

1. WORKMEN'S COMPENSATION — OCCUPATIONAL DISEASES — PROPOR-
TIONATE CAUSES OF DISABILITY.

Provision of statute requiring determination of proportionate
causes of disability from occupational disease due to com-
pensable and noncompensable causes does not apply, where
affected employee was found to be totally disabled from
silicosis complicated by tuberculosis and there was evidence
to support finding of workmen's compensation commission that
plaintiff had to quit his work as a core maker because of his
silicotic condition, was totally disabled and that the sili-
cosis was due to causes and conditions which are character-
istic of and peculiar to defendant's business and that there
was a direct causal relationship between the silicosis and
tuberculosis (CL 1948, § 417.8).

2. SAME—OCCUPATIONAL DISEASE—PROPORTIONATE REDUCTION FOR
SUBSEQUENT EMPLOYMENT.

Workmen's compensation for plaintiff core maker should be re-
duced for period during which he worked as chauffeur after
he left defendant's employ and before he was hospitalized
for silicosis and tuberculosis, to conform to the reduction
in his earning capacity (CL 1948 § 417.3).

3. SAME — TOTAL DISABILITY — SILICOSIS — TUBERCULOSIS — PRO-
PORTIONATE CAUSES OF DISABILITY.

Employee, a core maker, who was totally disabled because of
silicosis was entitled to workmen's compensation unaffected
by statute relating to determination of proportionate causes
of disability because he later became afflicted with tuberculosis
which the workmen's compensation commission found had been
caused by the silicosis (CL 1948, § 417.8).

SHARPE and BOYLES, JJ., dissenting.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Workmen's Compensation §§ 246, 247.

Appeal from Workmen's Compensation Commission. Submitted October 3, 1951. (Docket No. 21, Calendar No. 44,933.) Decided January 7, 1952.

Arthur Hardiman presented his claim for compensation for occupational disease against General Motors Corporation, Chevrolet Grey Iron Foundry Division. Award to plaintiff. Defendant appeals. Reversed and remanded for entry of modified award.

*Francis L. Robinson* (*Rothe, Marston, Bohn & Mazey,* of counsel), for plaintiff.

*Henry M. Hogan* (*R. V. Hackett, G. W. Gloster* and *E. H. Reynolds,* of counsel), for defendant.

BUSHNELL, J.   Plaintiff Arthur Hardiman began to work for defendant General Motors Corporation in the Chevrolet Grey Iron Foundry Division, at Saginaw, on July 21, 1927, and continued in that employment until he left in November, 1945, because of ill health.

He worked for 15 of these 18 years as a core maker, and at other times was engaged in shaking out and knocking clamps off the casting flasks. He was exposed to dust powder and sand during the course of his employment. Plaintiff testified that during the last 6 months of this period he reported to defendant's first-aid department many times because of his shortness of breath, and on about 25 occasions was sent home.

In January of 1946 Hardiman moved to Detroit, where he worked as a chauffeur until about August of 1947. He was admitted to Fairview sanatorium on September 4, 1947, where he remained under treatment until April 17, 1948.

The physician who attended him at the sanatorium testified that chest X-rays showed that Hardiman

had pneumoconiosis (silicosis) and active tuberculosis. He said that "Most silicotics are predisposed to tuberculosis, most of them die from tuberculosis." Although the doctor could not tell which occurred first, the silicosis or tuberculosis, he stated that his "guess would be, my opinion, I should say, would be the silicosis, it usually does, in the fact that he had more silicosis than he had tuberculosis, the chances are that the silicosis preceded the tuberculosis," but that there is no positive way of determining it.

The medical witness called by the defendant had made an examination of Hardiman in 1938, and found no evidence of pneumoconiosis or silicosis at that time, but he stated that deposits of calcium observed in the lung tissues indicated a healed former childhood tuberculosis (inactive).

The commission affirmed the deputy's award of compensation at $21 per week from November 23, 1945, until further order, but not to exceed $2,600. It found that Hardiman contracted silicosis in the course of his employment, and reasoned from the medical testimony that a silicotic lung provides a fertile field for the activity of tubercular bacilli. It held that the apportionment provision of section 8 of part 7 of the workmen's compensation act (CL 1948, § 417.8 [Stat Ann 1950 Rev § 17.227]) is only applicable "where there are 2 separate and distinct diseases in no manner related to each other, both of which contribute to the disablement." This section of the act reads as follows:

"No compensation shall be payable for an occupational disease if the employee, at the time of entering into the employment of the employer by whom the compensation would otherwise be payable, or thereafter, wilfully and falsely represents in writing that he has not previously suffered from the disease which is the cause of the disability or death. Where

an occupational disease is aggravated by any other disease or infirmity, not itself compensable, or where disability or death from any other cause, not itself compensable, is aggravated, prolonged, accelerated, or in anywise contributed to by an occupational disease, the compensation payable shall be such proportion only of the compensation that would be payable if the occupational disease were the sole cause of the disability or death as such occupational disease, as a causative factor, bearing to all the causes of such disability or death, such reduction in compensation to be effected by reducing the number of weekly payments or the amounts of such payments, as under the circumstances of the particular case may be for the best interests of the claimant or claimants."

Should the commission have determined the proportion which silicosis bore to tuberculosis as a causative factor of plaintiff's disability?

Defendant cites in this connection *Kail* v. *Field Pontiac-Cadillac Co.,* 296 Mich 658, and *Coombs* v. *Kirsch Co.,* 301 Mich 1 (11 NCCA NS 510), both of which are distinguishable on their facts from the present case. In the former, a collapse followed exposure to carbon monoxide. Death was the result of pulmonary edema caused by cardiac failure, and the commission found the exposure was only a contributing factor.

In the latter case, Coombs suffered a hernia in the course of his employment, and he also had a recurrence of Malta (undulant) fever. All the experts agreed that the hernia and Malta fever were entirely independent of each other as to manner in which they were contracted or occasioned and as to their effect on each other. But the disability resulted solely from the hernia.

Here, the evidence supports the commission's finding that there "is a direct causal relationship between the silicosis and the tuberculosis," and that

Hardiman "is totally disabled from silicosis complicated by tuberculosis." Under this situation the provisions of section 8 of part 7 are not applicable.

Defendant argues here on certiorari that, since plaintiff was able to earn wages as a chauffeur from January 6, 1946, until August of 1947, the compensation awarded should be reduced proportionately to conform to the reduction in his earning capacity.

Under the finding made by the commission that Hardiman "worked as a chauffeur in Detroit during part of 1946 and part of 1947," it was the duty of the commission, under section 3 of part 7 (CL 1948, § 417.3 [Stat Ann 1950 Rev § 17.222]) to determine the proportionate reduction in Hardiman's earning capacity, if any, during that period.

The award is vacated and the cause is remanded for the entry of a proper award. Each party having prevailed, but in part only, no costs will be allowed.

REID, J., concurred with BUSHNELL, J.

BOYLES, J. (*dissenting*). I concur in reversal but do not agree with Mr. Justice BUSHNELL's construction of the applicable statute. Section 8 of part 7 of the workmen's compensation law* provides that where an occupational disease is aggravated by any other disease or infirmity not itself compensable, or where disability from any other cause which is not itself compensable is aggravated, accelerated or in anywise contributed to by an occupational disease, the compensation payable shall be such proportion only of the compensation that would be payable if the occupational disease were the sole cause of the disability as such occupational disease as a causative factor bears to all the causes of such disability, such reduction in compensation to be effected by reducing the number of weekly payments or the amount of

---

* CL 1948, § 417.8 (Stat Ann 1950 Rev § 17.227).

such payments. In the instant case the testimony supports the finding of the commission that plaintiff's disablement arose from silicosis complicated by tuberculosis; the testimony establishes that plaintiff has tuberculosis, caused by silicosis resulting from his many years' employment in the foundry. The commission properly concluded that there was a direct causal relationship between the silicosis and the tuberculosis. Under those circumstances, I am not in accord with the conclusion of Mr. Justice BUSHNELL that said section 8 of part 7 of the act does not apply.

Plaintiff's occupational disease (silicosis) is aggravated by or contributes to another disease (tuberculosis) which is not in itself compensable, and this brings plaintiff's disability within the purview of said section. Furthermore, the record is undisputed that plaintiff was hospitalized in September, 1947, at which time he had silicosis and active pulmonary tuberculosis. Plaintiff's medical testimony was:

"*Q.* Then it is your opinion when he was admitted here September 4, 1947, he was disabled because of both TB and silicosis?

"*A.* That is right.

"*Q.* Would you say that that disability from the TB was aggravated, prolonged, accelerated, or in any way contributed to by the silicosis?

"*A.* Yes, I would say that."

This brings plaintiff's compensation within the purview of said section 8, wherein it provides that where any disability from any cause not itself compensable (tuberculosis) is aggravated, accelerated or in anywise contributed to by an occupational disease (silicosis), compensation is payable under the provisions of said section. This question was raised in a brief filed by appellant with the commission and returned here as a part of the certified record and

it is the only question of law raised here on the appeal.

In *Kail* v. *Field Pontiac-Cadillac Co.*, 296 Mich 658, a like situation came before us where the commission had failed to apportion the compensation as required by said section and we remanded the case for the commission to make such determination. We said:

"Under the finding made by the department it was the duty of the department to determine the proportion which the said occupational disease, as a causative factor, bore to all the causes of Herbert Kail's death and, hence, proportion the compensation as provided by the statute.

"The finding of the department that monoxide poisoning contributed toward Mr. Kail's death from pulmonary edema, caused by cardiac failure, brought the necessity of determining the proportion which the occupational disease, as a causative factor, bore to all the causes of Mr. Kail's death and to proportion the compensation as provided in section 8, part 7, of the act. This was not done, and the case is remanded to the department in order to comply with the mentioned provision of the occupational disease act.

"Defendants were not required to offer proofs on that subject for the burden was, and is, upon plaintiff to show the measure of the award to be made. It may be difficult to proportion the compensation but the law to do so is on the statute book and must be obeyed."

See, also, *Coombs* v. *Kirsch Co.*, 301 Mich 1 (11 NCCA NS 510).

There was proof that the plaintiff was able to earn wages at other work which did not subject him to the hazards of silicosis. While the aforesaid section 8 of part 7 of the act defines the circumstances and lays the foundation on which the commission is required to apportion the compensation in the case

at bar, section 3 of part 7* provides the yardstick which the commission must use in such apportionment. It provides:

*"Provided, however,* That if it shall be determined that such employee is able to earn wages at another occupation which shall be neither unhealthful nor injurious and such wages do not equal his full wages prior to the date of his disablement, the compensation payable shall be a percentage of full compensation proportionate to the reduction in his earning capacity."

Under the finding of the commission that silicosis was a causative factor of the tuberculosis, this case should be remanded to the commission to determine the proportion which said occupational disease (silicosis), as a causative factor, bears to the other cause of plaintiff's disablement (tuberculosis), and to apportion the compensation accordingly. Appellant, having prevailed on the only question involved, should be entitled to costs.

SHARPE, J., concurred with BOYLES, J.

SHARPE, J. (*dissenting*). I am not in accord with the opinion of Mr. Justice BUSHNELL awarding compensation to plaintiff for reasons hereinafter stated.

Section 8 of part 7 of the workmen's compensation act (CL 1948, § 417.8 [Stat Ann 1950 Rev § 17.227]), provides in part:

"Where an occupational disease is aggravated by any other disease or infirmity, not itself compensable, or where disability or death from any other cause, not itself compensable, is aggravated, prolonged, accelerated, or in anywise contributed to by an occupational disease, the compensation payable shall be such proportion only of the compensation that would be payable if the occupational disease were

---

* CL 1948, § 417.3 (Stat Ann 1950 Rev § 17.222).

the sole cause of the disability or death as such occupational disease, as a causative factor, bearing to all the causes of such disability or death, such reduction in compensation to be effected by reducing the number of weekly payments or the amounts of such payments, as under the circumstances of the particular case may be for the best interests of the claimant or claimants."

In *Coombs* v. *Kirsch Co.*, 301 Mich 1 (11 NCCA NS 510), we had occasion to interpret the application of the act. In that case plaintiff suffered a compensable disease (hernia) while in the employ of defendant company. He also had Malta fever, a noncompensable disease. The disability caused by the hernia was not aggravated by the Malta fever. We held that under such circumstances the above-quoted section has no application. We there said:

"The above-quoted section 8 pertains solely to compensation payable. It can operate only where plaintiff's disability has been caused by 'an occupational disease' *and* 'any other disease or infirmity, not itself compensable' or 'any other cause, not itself compensable.' In such cases, the statute clearly stated that it is applicable only where (1) an occupational disease is aggravated by any other disease or infirmity, not itself compensable, or (2) where disability or death from any other cause, not itself compensable, is aggravated, prolonged, accelerated or in anywise contributed to by an occupational disease."

In the case at bar, the department found:

"In our opinion the apportionment provision in section 8 of part 7 is applicable only where there are 2 separate and distinct diseases in no manner related to each other, both of which contribute to the disablement. That is not the situation here as there is a direct causal relationship between the silicosis and the tuberculosis. Therefore, the provi-

sions of section 8 of part 7 do not apply to the instant case.

"We find that plaintiff is totally disabled from silicosis complicated by tuberculosis."

The statute becomes operative when a noncompensable disease or infirmity aggravates a compensable occupational disease or when a compensable occupational disease aggravates a noncompensable disease or condition. In the case at bar, tuberculosis is a noncompensable disease. The only testimony as to the cause of plaintiff's disability was given by Dr. Markoe who testified that both diseases were disabling and that the tuberculosis was aggravated by silicosis. Under the record in this case the only finding of fact that the commission could have made is that the tuberculosis was aggravated by silicosis. Its statement that "plaintiff is totally disabled from silicosis complicated by tuberculosis" is not supported by the record, nor has it any bearing upon the issue now under consideration. Assuming, as the commission found, that there is a direct causal relationship between the silicosis and the tuberculosis, yet this fact does not prevent the section under consideration from being operative. The statute does not provide that the compensable occupational disease and the noncompensable disease or condition must be separate and distinct. The statute provides for apportionment where a noncompensable disease (tuberculosis) is aggravated by a compensable occupational disease (silicosis).

In the case at bar both diseases found lodgment in the lungs. Both are disabling and the compensable occupational disease aggravated the noncompensable disease. Under such circumstances section 8 of part 7 of the act became operative.

The award should be vacated and the cause remanded to the workmen's compensation commis-

sion for further proceedings as required by the act. Defendant should recover costs.

Boyles, J., concurred with Sharpe, J.

North, C. J. (*concurring*). In concluding that section 8, part 7, of the workmen's compensation act (CL 1948, § 417.8 [Stat Ann 1950 Rev § 17.227]) should be applied in fixing the amount of plaintiff's compensation, my Brothers Boyles and Sharpe have lifted out of the commission's opinion a single sentence, which I think they have overemphasized, and possibly misconstrued. This is the sentence:

"We find that plaintiff *is* totally disabled from silicosis complicated by tuberculosis."

At the time this sentence was written in the commission's opinion it was then literally true that plaintiff was "totally disabled from silicosis complicated by tuberculosis." It was not only a true statement, but it was a proper fact finding bearing upon the permanency of plaintiff's total disability. However, from the commission's opinion, read as a whole, it appears there is no justification for minimizing plaintiff's compensation under section 8, part 7, except in the manner hereafter noted. Our decision should be controlled by the following findings of the commission, which are supported by competent testimony:

"He (plaintiff) finally had to quit work because of his condition. * * * There can be no doubt that plaintiff contracted silicosis as a result of exposure to free silica during the course of his employment in defendant's foundry. It is equally clear that plaintiff has been totally disabled as a core maker, the employment in which he was engaged when he contracted the disease, since he left defendant's employ in the month of November, 1945. * * *

"We further find that the disease (silicosis) is due to causes and conditions which are characteristic of and peculiar to the business of the defendant and which arose out of his employment by defendant. We find November 23, 1945, to be the date of disablement."

Since, as found by the commission, plaintiff was totally disabled from performing the skilled labor in which he was engaged on November 23, 1945, he was then and there entitled to an award of compensation on the basis of permanent total disability, subject only to the provision that if "such employee is able to earn wages at another occupation which shall be neither unhealthful nor injurious and such wages do not equal his full wages prior to the date of his disablement, the compensation payable shall be a percentage of full compensation proportionate to the reduction in his earning capacity."   CL 1948, § 417.3 (Stat Ann 1950 Rev § 17.222).

Surely if, as the record shows, it was only at a substantially later period that plaintiff became afflicted with tuberculosis, it cannot be said that plaintiff's tuberculosis affliction had any causal relation to his total disability which he had suffered many months before.   To hold otherwise would lead to an absurd result in cases of this character.   If the employee's silicotic condition is not later aggravated by tuberculosis, he will receive full compensation for his total disability; but if the employee has the greater misfortune of being also afflicted with tuberculosis after he became totally disabled from silicosis, he then must be awarded less than full compensation for total disability by reason of applying to his case section 8, part 7, of the workmen's compensation act.

The case is remanded to the commission for entry of a modified award in accord with Mr. Justice BUSH-

nell's opinion, with the result of which I concur. Costs to appellee.

Dethmers, Carr, and Reid, JJ., concurred with North, C. J.

Butzel, J., did not sit.