### NUYEN v. U. S. FOUNDRY CORPORATION.

1. WORKMEN'S COMPENSATION—FOUNDRY WORKER—OCCUPATIONAL INJURY—BACK INJURY.

Workmen's compensation commission's finding that plaintiff foundry worker's disability and right to compensation for nonaccidental occupational injury to his back was under the occupational disease amendment to the workmen's compensation act *held*, supported by competent testimony (CL 1948, § 417.1 *et seq.*, as amended).

2. SAME—NONACCIDENTAL OCCUPATIONAL INJURY—RATE OF COMPENSATION.

A foundry worker who sustained a nonaccidental occupational injury, compensable under the occupational disease amendment to the workmen's compensation act, who thereafter is able to obtain employment at work that is neither unhealthful nor injurious but less remunerative is entitled to compensation proportionate to the reduction in his earning capacity and not to compensation equal to the difference between his present and former earning capacity as provided for an accidental injury (CL 1948, § 412.10, as amended by PA 1949, No 238; § 417.3).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 242 *et seq.*
[2] 58 Am Jur, Workmen's Compensation § 281 *et seq.*

Appeal from Workmen's Compensation Commission.  Submitted January 4, 1955.  (Docket No. 4, Calendar No. 46,219.)  Decided March 9, 1955.

Award of compensation to William Nuyen from U. S. Foundry Corporation, employer, and Michigan Mutual Liability Company, insurer, for disablement from nonaccidental injury.  Amount computed under section relative to accidental injury.  Defendants appeal.  Reversed and remanded for computation as an occupational injury.

*Edward J. Ryan,* for plaintiff.

*L. J. Carey* and *George J. Cooper* (*James L. Schueler,* of counsel), for defendants.

BOYLES, J.  Plaintiff filed an application with the workmen's compensation commission for compensation for personal injury suffered while working for the defendant foundry company.  The commission found that under part 7 of the act* he was entitled to compensation, but awarded compensation under part 2.  While the 3 members of the commission found that the plaintiff was entitled to compensation under the provisions of part 7, they disagreed as to how the amount should be determined.  The majority (2 members) held that compensation should be awarded as if under part 2 of the act, and compensation was awarded accordingly.  The third commissioner filed an opinion holding that the compensation should be awarded in accordance with section 3 of part 7.†

---

*PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 *et seq.* [Stat Ann 1950 Rev and Stat Ann 1953 Cum Supp § 17.141 *et seq.*], as last amended by PA 1954, No 175).

† CL 1948, § 417.3 (Stat Ann 1950 Rev § 17.222).  The amendment by PA 1954, No 175, has no bearing.

The defendant foundry company and its compensation insurance carrier appeal. The sole question involved here, as stated by appellants' brief, is:

"When an employee receives a personal injury and is disabled all as defined in section 1, part 7 of the Michigan workmen's compensation act and later earns wages at another occupation which is neither unhealthful nor injurious, and his wages in such occupation do not equal the wages he was receiving prior to the date of his disablement, should partial compensation be computed in accordance with section 3 of part 7 of the workmen's compensation act?"

There is no occasion here to discuss whether the plaintiff suffered an injury under part 2 of the act. Both parties agree, and the commission so found, that plaintiff's injury was nonaccidental, and occupational. He merely had felt a sharp pain in his back while doing the same work, in the same manner, that he had been doing for several years. There was no testimony that the plaintiff had suffered an accidental injury, or that his disability was caused by any unusual happening or fortuitous event. The commission agreed that plaintiff's disability and right to compensation was under the provisions of part 7. There is competent testimony to support the finding.

Section 3, part 7, of the act provides that the plaintiff

"shall be entitled to compensation for his death or for his disablement, and he shall be entitled to be furnished with medical and hospital services, all as provided in part 2 of this act, except as hereinafter stated in this part: Provided, however, That if it shall be determined that such employee is able to earn wages at another occupation which shall be neither unhealthful nor injurious and such wages do not equal his full wages prior to the date of his disablement, the compensation payable shall be a per-

centage of full compensation proportionate to the reduction in his earning capacity."

No like provision for reducing compensation occurs in part 2 of the act.

Plaintiff had been working in the defendant's foundry for more than 10 years, mostly shoveling wet sand. When a pain in his back prevented him from continuing to do that work, he found other employment. He worked a while as a bartender, later for a coach manufacturer cutting lumber and is still so employed. His work is lighter than it was as a foundry worker, it is neither unhealthful nor injurious, and the pay is less.

The commission awarded compensation according to section 10, part 2, of the act,* disregarding the requirement in section 3, part 7, that the compensation should be a percentage of full compensation proportionate to the reduction in his earning capacity. The award was the same as if the plaintiff had received a personal injury in accordance with the provisions of part 2. The commission was in error. The distinction as to applying the difference in amount of compensation under different circumstances, has been made apparent in the recent opinions in *Samels* v. *Goodyear Tire & Rubber Co.,* 323 Mich 251; *Hardiman* v. *General Motors Corporation,* 332 Mich 170; *Arnold* v. *Ogle Construction Co.,* 333 Mich 652. Nor are we impressed with any merit in counsel for appellee's argument that there is a distinction to be made between "disease" and "disability" in section 3, part 7, of the act.

The record here indicates that testimony was taken as to the earnings of plaintiff in his occupation subsequent to his work for the defendant foundry company. An order will be entered setting aside the

---

* CL 1948, § 412.10, as amended by PA 1949, No 238 (Stat Ann 1950 Rev § 17.160). The amendments by PA 1952, No 263, PA 1953, No 198, and PA 1954, No 175, have no bearing.

award of compensation and remanding the case to the commission for the entry of an award in accordance with the proofs, and under the provisions of section 3, part 7, of the act.   Costs to appellants.

CARR, C. J., and BUTZEL, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.

SMITH, J., took no part in the decision of this case.