FELCOSKIE v. LAKEY FOUNDRY CORPORATION.

1. Workmen's Compensation—Limitation on Employer Liability —Injury from Dust or Silicosis.

Employer liability for workmen's compensation is limited to a maximum of $10,500 when an employee is killed or totally disabled by silicosis or other dust disease before May 1, 1966 (CL 1948, § 417.4, as amended by PA 1965, No 44).

2. Same—Limitation of Employer Liability—Loss of Bilateral Vision.

The limitation on employer liability in one section of workmen's compensation act was not intended to apply to specific losses, such as loss of bilateral vision, directly or remotely connected to a disease (CL 1948, § 417.4, as amended by PA 1965, No 44).

3. Same—Limitation of Employer Liability—Burden of Persuasion.

It is incumbent on the party arguing for application of a statutory limitation of employer liability in workmen's com-

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation §§ 295, 320.
[2-4] 58 Am Jur, Workmen's Compensation §§ 295, 320, 340.

pensation case to show clearly that disability or death was due to silicosis or other dust disease (CL 1948, § 417.4, as amended by PA 1965, No 44).

4. SAME—LIMITATION OF EMPLOYER LIABILITY.

The limitation in workmen's compensation act on employer liability for an employee's injury does not apply to a situation where it was found only that the employee suffered a disabling injury arising out of and in the course of his employment (CL 1948, § 417.4, as amended by PA 1965, No 44).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 3 June 5, 1968, at Grand Rapids. (Docket No. 3,976.) Decided June 24, 1968. Leave to appeal granted September 30, 1968. See 381 Mich 777.

Application by Henry Felcoskie for hearing and adjustment of a workmen's compensation claim. Applicant awarded by hearing referee of $36 per week for 800 weeks plus medical and hospital expenses from Lakey Foundry Corporation and $27 per week from Second Injury Fund. Defendant Lakey Foundry Corporation appealed to the workmen's compensation appeal board. The appeal board modified the hearing referee's order to limit the liability of the Lakey Foundry Corporation to $10,500. Defendant Second Injury Fund appeals. Order of appeal board vacated and order of hearing referee reinstated.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley,* for plaintiff.

*Cholette, Perkins & Buchanan, (Edward D. Wells,* of counsel), for defendant Lakey Foundry Corporation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *A. C. Stoddard,*

Assistant Attorney General, for defendant Second Injury Fund.

Per Curiam. In this action the workmen's compensation hearing referee held that plaintiff, Henry Felcoskie, suffered a personal injury resulting in the loss of bilateral vision arising out of and in the course of his employment. Under the order entered, plaintiff was to receive $36 per week from the defendant Lakey Foundry Corporation and concurrent differential payments in the amount of $27 per week from the Second Injury Fund.

Defendant Lakey Foundry Corporation appealed the order. The workmen's compensation appeal board, in an order and opinion dated June 1, 1967, determined that the compensation to be paid by the employer should be limited to the sum of $10,500 as provided in part 7, § 4 of the workmen's compensation act, (CL 1948, § 417.4, as amended by PA 1965, No 44 [Stat Ann 1968 Cum Supp § 17.223]) and that the Second Injury Fund should pay the plaintiff compensation pursuant to the provision of part 2, § 9, as amended (CL 1948, § 412.9, as amended by PA 1965, No 44 [Stat Ann 1968 Cum Supp § 17.159]). This, in effect, would make the Second Injury Fund totally responsible for all payments for this occupational injury after $10,500. In appealing the decision of the appeal board to this Court, the Second Injury Fund raises the following issue:

If an employee is totally and permanently disabled from an occupational injury due to causes and conditions characteristic of and peculiar to the business of the employer, and thus entitled to compensation including differential payments from the Second Injury Fund as provided in part 2 of the workmen's compensation act, is the employer's obligation to pay compensation limited to a total of $10,500 as provided in part 7, § 4 of the act?

The hearing referee found that plaintiff's blindness was traceable to a nasal infection which was not "silicosis or other dust disease" within the scope of part 7, § 4 of the act. The appeal board's majority opinion affirms this finding but modified the hearing referee's order because of the following statement appearing in *Nuyen* v. *U. S. Foundry Corporation* (1955), 342 Mich 70, 73:

"Nor are we impressed with any merit in counsel for appellee's argument that there is a distinction to be made between 'disease' and 'disability' in section 3, part 7, of the act."

A dissenting opinion was filed in the case by Member Mahinske of the appeal board which dealt in part with the applicability of the *Nuyen Case* and we set forth a pertinent portion of his dissenting opinion as follows:

"I do not agree that the case of *Nuyen* v. *U. S. Foundry Corporation* (1955), 342 Mich 70, controls the outcome of the instant case, as counsel for appellee there was attempting to argue the distinction between words 'disability' and 'disease' as found in part 7, § 3 of the workmen's compensation act as said section therein read. In my opinion the problem here is not one of attempting to distinguish between qualifying words in sections 3 and 4 of part 7 (as Member Storie states), but to maintain clearly in mind the requirement that a 'disability' or 'death' must be derived from a traditional part 7 dust disease or silicosis to apply the $10,500 limitation. Such requirement is strongly imposed in part 7, § 4, and not in part 7, § 3. In section 4 direct reference is made to 'silicosis or other dust disease' as a condition precedent.

"The basic statutory terminology in sections 3 and 4 are not identical and do not to me convey the same intent. If they did we would have a surplus section between these two. Section 3 merely states

that a disease caused by employment is compensable.

"Section 4 (not under consideration in *Nuyen*) in my mind is jurisdictional, so to speak, with regard to the application of the part 7 limitational amount and was not intended to tie specific losses, directly or remotely connected to a disease, to the $10,500 limitation.

"Furthermore, I feel it is incumbent upon the party arguing for application of the $10,500 limitation of compensation in a case such as we have before us to show clearly that disability (or death) was due to 'silicosis or other dust disease.'

"In the face of a disability finding and an absence of persuasive evidence that silicosis or other dust disease caused such disability, then it is my opinion that the legislature intended that part 2 of the workmen's compensation act govern benefits due claimant.

"In the case at issue I feel the proofs at best establish that the environmental atmosphere at defendant's plant only caused a condition in plaintiff which resulted in total blindness. In my opinion the record clearly reflects that plaintiff's exposure to dust or fumes while in defendant's employ and in the course of such employ, did not result in silicosis nor did it result in plaintiff at any time having a dust disease as that term was intended by the legislature when enacting part 7 of the workmen's compensation act.

"I cannot agree that simply because plaintiff's ultimate disability was brought about by causes and conditions characteristic of and peculiar to the business of defendant, the plaintiff's award is tied to a $10,500 limitation in part 7."

We agree that *Nuyen v. U. S. Foundry Corporation, supra,* is not applicable herein. We conclude that inasmuch as the referee and the majority opinion, as well as the dissenting opinion of the appeal board determined that plaintiff Henry

Felcoskie suffered a personal injury resulting in the loss of bilateral vision arising out of and in the course of his employment that part 7 § 4 of the workmen's compensation act is also not applicable.

The order of the appeal board is vacated and the order of the hearing referee reinstated.

Costs to appellant.

McGregor, P. J., and Holbrook and C. Kaufman, JJ., concurred.