COUCH v SAGINAW MALLEABLE IRON PLANT, CENTRAL
FOUNDRY DIVISION OF GENERAL MOTORS CORPORATION

1. WORKMEN'S COMPENSATION—APPEAL AND ERROR.

   The Court of Appeals must affirm findings made by the Work-
   men's Compensation Appeal Board if there is any evidence in
   the record to support them; therefore, the Court is limited to
   reviewing questions of law, if there is any evidence to support
   the factual findings of the Board (MCLA 418.861).

2. WORKMEN'S COMPENSATION—CORRECTIVE SURGERY—DANGEROUS OP-
   ERATION—REFUSAL TO SUBMIT.

   An injured employee must submit to corrective surgery or release
   his employer from the obligation to maintain him where the
   operation is not attended with great danger and offers a reason-
   able prospect of relief to the employee from his incapacity;
   however, if the danger is great and there is a considerable
   chance that the operation will not relieve his disability, the
   employee is justified in refusing to submit to it.

3. WORKMEN'S COMPENSATION—CORRECTIVE SURGERY—DANGEROUS OP-
   ERATION—REFUSAL TO SUBMIT.

   A Workmen's Compensation claimant was justified in refusing to
   submit to surgery to correct his injured back where medical
   testimony showed that there was only a 50% chance that
   plaintiff's condition would be corrected, that 50% of the pa-
   tients undergoing such corrective back surgery were not cured,
   and that in many cases their condition worsened, some even to
   the extent of being paralyzed.

4. WORKMEN'S COMPENSATION—APPEAL AND ERROR.

   The appropriate action to be taken by the Court of Appeals when
   the Workmen's Compensation Appeal Board has applied a

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 58 Am Jur, Workmen's Compensation § 530 *et seq.*
[2, 3] 58 Am Jur, Workmen's Compensation § 330.
   Workmen's compensation: duty of injured employee to submit to
   operation or to take other measures to restore earning capacity,
   105 ALR 1470.

fallacious test to a claim before it is to reverse and remand to the board for reconsideration.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 3 June 7, 1972, at Grand Rapids. (Docket No. 13305.) Decided July 26, 1972.

Lee W. Couch presented his claim for workmen's compensation against Saginaw Malleable Iron Plant, Central Foundry Division of General Motors Corporation. The Workmen's Compensation Appeal Board reversed hearing referee's award. Plaintiff appeals. Reversed and remanded with instructions.

*Murphy, Hedberg & Schultz,* for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy,* for defendant.

Before: R. B. Burns, P. J., and Levin and Targonski,* JJ.

Targonski, J. Plaintiff suffered a back injury while employed by the defendant. Voluntary compensation benefits were paid thereafter. On April 8, 1968 plaintiff petitioned for a new injury date and the accompanying higher benefit schedule. The hearing referee, after hearing testimony, granted the plaintiff the higher benefit schedule. On appeal to the Workmen's Compensation Appeal Board, the decision of the hearing referee was reversed by a 4-3 vote. From this decision, the plaintiff brings this appeal.

Plaintiff suffered an injury to his back July 10, 1965 while he was pulling a 100-lb. tray. He

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

returned to work in August of 1965 and was placed on a small grinder with a 25-lb. lifting limitation. This job involved a lot of twisting from right to left and aggravated the plaintiff's back injury which caused him to take time off from work.

The plaintiff returned to work in October of 1965 and was again placed on a job which involved considerable pushing and twisting. In July, 1967 the plaintiff was put on a head grinding operation which required lifting of 25–30-lb. iron pieces. Again the plaintiff experienced pain in his back and was off work for seven months.

When the plaintiff returned to work he was given a job as a janitor, but the continual bending again caused him to have pain in his back. Plaintiff was then allowed by his doctors to return to work subject to a 10-lb. weight restriction. However, he was assigned to handle 20–30-lb. pieces of iron. This caused the plaintiff's pain to worsen and he stopped working. At this time he saw a doctor of his own choosing and has not worked since.

The only issue that needs to be decided on this appeal is whether the findings of the Board evidence consideration of all the testimony before the Board. This Court must affirm if there is any evidence in the record to support the findings made by the Workmen's Compensation Appeal Board. *Lemanski v Frimberger Co,* 31 Mich App 285 (1971); *Litwin v Difco Laboratories, Inc,* 28 Mich App 132 (1970). This Court is limited, therefore, to reviewing questions of law, if there is any evidence to support the factual findings of the Board. MCLA 418.861; MSA 17.237(861); *Carter v Kelsey-Hayes Co,* 386 Mich 610 (1972).

The board, in reaching its decision, here relied on the plaintiff's refusal to undergo corrective

surgery for his back condition. The medical testimony, including that of the employer's doctor, showed that there was approximately a 50% chance that the surgery could cure persons with the plaintiff's condition, and that the other 50% were not cured. In many cases their condition worsened, some even to the extent of being paralyzed.

The rule is well-settled in this state that if the operation is not attended with great danger and the operation offers a reasonable prospect of relief from the incapacity, the employee must submit to the operation or release his employer from the obligation to maintain him. *Coombs v Kirsch Co,* 301 Mich 1 (1942); *Kolbas v American Boston Mining Co,* 275 Mich 616 (1936); *Dyer v General Motors Corp,* 318 Mich 216 (1947).

However, if the danger is great and there is a considerable chance that the operation will not relieve the disability, the employee is justified in refusing to submit to surgery. In 1 Larson, Workmen's Compensation Law, § 13.22, pp 3-326–3-327, that author addresses this problem in the following manner:

"But if there is a real risk involved, and particularly if there is a considerable chance that the operation will result in no improvement or even perhaps in a worsening of the condition, the claimant cannot be forced to run the risk at peril of losing his statutory compensation rights."

In the instant case, it cannot be said that there was a reasonable chance of success. When we balance this with the possibility that the claimant's condition could worsen to the point of paralysis, we must hold as a matter of law that the Board erred in applying this standard to the facts present in this case.

The next problem facing this Court is what action should be taken after an error has been discovered. The appropriate action to be taken when the majority of the Board has applied a fallacious test is to reverse and remand the cause to the Board for their reconsideration. *Zaremba v Chrysler Corp.* 337 Mich 226 (1966). This we now do.

Reversed and remanded for reconsideration in light of this opinion. We do not retain jurisdiction.

All concurred.