HANSEN v GREAT LAKES FOUNDERS AND MACHINE
CORPORATION

1. WORKMEN'S COMPENSATION—APPEAL AND ERROR—FINDINGS OF
FACT.

The Court of Appeals will not, when reviewing findings of fact
made by the Workmen's Compensation Appeal Board, disturb
the Board's decisions if there is any evidence on the record to
support its findings.

2. WORKMEN'S COMPENSATION—EVIDENCE—INJURY—DISCHARGE.

Evidence of the discharge of a plaintiff seeking workmen's com-
pensation benefits who had sustained an injury and was dis-
charged seven years later is not evidence that plaintiff failed to
sustain a compensable injury as of the last day worked.

3. WORKMEN'S COMPENSATION—EVIDENCE—KNEE INJURY—SOFT TIS-
SUE—X-RAYS.

It is common knowledge that, absent dyeing or the like, x-rays
will not reveal injuries or abnormalities to soft tissue; it is
readily apparent that, in a case of a plaintiff seeking work-
men's compensation benefits for an undisputed injury to the
soft tissue or ligaments of the knee, an x-ray taken without
dyeing or other procedure to detect abnormalities in the soft
tissue which reveals the bone structure of the knee to be
normal has no bearing on whether the soft tissues of the knee
are likewise normal.

4. WORKMEN'S COMPENSATION—EVIDENCE—APPEAL AND ERROR.

The Workmen's Compensation Appeal Board improperly reversed
a referee's determination concerning a claimant's knee injuries
where there was medical testimony of an injury to the claim-
ant's knee, claimant had received medical treatment on the
knee from the company doctor or at the company's or carrier's
expense, and the medical testimony was not rebutted by the
defendants.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 530.
[2] 58 Am Jur, Workmen's Compensation § 214.
[3, 4] 58 Am Jur, Workmen's Compensation § 388.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 3 March 6, 1973, at Grand Rapids. (Docket No. 14791.) Decided May 25, 1973. Leave to appeal denied, 390 Mich 769.

James N. Hansen presented his claim for workmen's compensation against Great Lakes Founders and Machine Corporation and Michigan Mutual Liability Insurance Company. Benefits denied. Plaintiff appeals. Reversed.

*McCroskey, Libner, Reamon, Williams, Van Leuven & Klukowski,* for plaintiff.

*Cholette, Perkins & Buchanan (by Sherman H. Cone),* for defendant Great Lakes Founders and Machine Corporation.

Before: R. B. BURNS, P. J., and T. M. BURNS and PETERSON,* JJ.

T. M. BURNS, J. Plaintiff appeals from a decision of the Workmen's Compensation Appeal Board which held that plaintiff was not disabled or entitled to compensation benefits as a result of several injuries to the left knee.

Plaintiff was employed at Great Lakes Founders and Machine Corporation for over twenty years. On three occasions from 1961 to 1968 plaintiff slipped and fell during the course of his employment and injured his left knee. Each time plaintiff received medical treatment on the knee from the company doctor or at the company's or carrier's expense. Plaintiff was dismissed from employment in October of 1968.

On October 18, 1968, plaintiff petitioned for workmen's compensation benefits claiming a dis-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ability from the knee injuries and from an occupa-
tion related respiratory ailment. After a hearing
on the petition, the referee found that plaintiff had
suffered disabling injuries to his left knee during
the course of his employment in 1961, 1965, and
1968, and ordered compensation payments of $69
per week. The referee further found that plaintiff
did not suffer from an employment related dust
disease.

Defendants appealed the decision of the hearing
referee arguing that plaintiff was not disabled by
the knee injuries.[1] The Workmen's Compensation
Appeal Board agreed and in a 5–2 decision re-
versed the referee's determination concerning
plaintiff's knee injuries. See 1972 WCABO 242.
Plaintiff now appeals to this Court.

When reviewing findings of fact made by the
Workmen's Compensation Appeal Board, we will
not disturb the board's decision if there is any
evidence on the record to support its findings.
*Couch v Saginaw Malleable Iron,* 42 Mich App 223
(1972). Consequently the sole issue on appeal here
is whether there was any evidence on the record to
support the board's finding that plaintiff was not
disabled from knee injuries incurred during the
course of employment.

The majority opinion of the Workmen's Compen-
sation Appeal Board is bottomed upon two factors,
namely: (1) plaintiff was terminated from work by
the defendant foundry, and (2) objective medical
findings coupled with the fact that plaintiff missed
little or no work as the result of the knee injuries.

Although plaintiff was working as a foreman at
the time of his discharge, he stated that he was
required to do a great deal of heavy work through-

---

[1] Plaintiff cross-appealed on a matter not relevant to the instant
appeal.

out his employment with the foundry and that such work continued after his promotion to foreman because of a chronic lack of men in the work crew. As a result of this heavy work, plaintiff explained that his knee became progressively worse from the initial injury in 1961 until his discharge in 1968, and that he had to rest from time to time while working. The foundry manager testified that plaintiff was discharged because of his "[v]ery rough handling" of the employees he supervised.

In regard to plaintiff's discharge, the majority opinion states:

"Clearly plaintiff has had some limitation in his knee and the use thereof since the 1961 incident, but the circumstances surrounding his discharge are not supportive of that limitation causing a compensable disability."

We are hard pressed to discern any rational relationship between the fact an injured employee has been discharged and the conclusion that the employee has not suffered a compensable injury, nor has any connection been shown to us. On the contrary, if anything, the discharge of an injured employee, particularly where as here the employee had over 20 years seniority, would indicate that the employee suffered a compensable injury which materially affected his work. It is our opinion, therefore, that the plaintiff's discharge was not evidence that plaintiff failed to sustain a compensable injury as of the last day worked.

The majority opinion relative to plaintiff's knee injury states that "[d]isability is postulated from the plaintiff's self-statement that he is disabled" and that the medical evidence proffered by the plaintiff is "minimal", particularly emphasizing

the fact that an x-ray of plaintiff's left knee disclosed no abnormality.

As noted earlier, plaintiff testified that he was required to do substantial amounts of heavy work throughout his career at the foundry and that as a result he had continual difficulty with the knee from the time the injury was first incurred. Furthermore, plaintiff explained that his knee caused him pain whenever he was on his feet for several hours; that he had to frequently rest during his shift; and at the time of his discharge in 1968, the pain was so intense he would have difficulty walking from the foundry at the end of the work day. The foregoing testimony was not rebutted by the defendants. Although the defendants denied plaintiff's statement that he reported to his supervisor whenever he was having difficulty with his knee, the record reflects that all of the treatment plaintiff received on the knee problem was either through the foundry's doctor or at the company's or carrier's expense.

Dr. Emil Lauretti, a physician who had examined the plaintiff, testified via deposition and was the only medical witness to specifically testify on the injury to plaintiff's left knee. The physician submitted a report which was made part of the deposition. After outlining the history of the injury and the plaintiff's duties at work, the report found *inter alia* that plaintiff's knees measured 14 inches in diameter on the right and 14-1/2 inches in diameter on the left and that lying on a hard surface plaintiff was able to raise his right leg 90 degrees at the hip without discomfort but was able to lift his left leg in a similar fashion only 70 degrees before complaining of a pulling sensation in the back of the knee.

The report continued:

"X-rays of his [plaintiff's] left knee is also normal for this man's age [62]. He does not have a torn meniscus on either the right or left side. However, he does have some left knee pathology as indicated by the way he walks on his toes and attempts to flex the knee backward."

On cross-examination, Dr. Lauretti explained the use and results of the x-rays as follows:

"*A*. The fact that the x-rays were normal indicate that the structure—the bony structure was all right. His [plaintiff's] pathology was in the soft tissues or in the ligaments of the knee."

It is common knowledge that, absent dyeing or the like (which was not done here), x-rays will not reveal injuries or abnormalities of soft tissue. Since it is undisputed that plaintiff's injury was to the soft tissue or ligaments of the knee, it is readily apparent that the x-ray which revealed the bone structure of the knee to be normal had no bearing on whether the soft tissues of the knee were likewise normal.

The report concluded:

"Mr. James Hansen [plaintiff] has a condition in the left knee which prevents him doing any type of work that requires climbing, squatting, or flexing his knees. He stated he had not been able to do the job he was doing while working for Great Lakes Founders. If there is no other work they can give him at the plant, I feel Mr. Hansen is totally disabled from work at this particular plant. At his age it would be doubtful if he could find work in any industry, at least around the Muskegon area."

The foregoing medical testimony of Dr. Lauretti was not rebutted by the defendants.

After a thorough and careful review of the record herein, and in light of the fact plaintiff's

statements concerning his disability and the medical evidence delineated above were not rebutted by the defendants, we are unable to find a trace of evidence to support the decision of the Workmen's Compensation Appeal Board relative to plaintiff's knee injury.

Accordingly the judgment of the Workmen's Compensation Appeal Board denying plaintiff compensation on the knee injury is reversed.

All concurred.