# Order

Michigan Supreme Court
Lansing, Michigan

December 15, 2006

131693

RACHELLE NAUMANN,
      Plaintiff-Appellee,

v

FOREWAY TRANSPORTATION, INC., and
ZURICH AMERICAN INSURANCE COMPANY,
      Defendants-Appellants.

SC: 131693
COA: 269712
WCAC: 04-000331

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

_____/

On order of the Court, the application for leave to appeal the June 29, 2006 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J., dissents and states as follows:

I respectfully dissent and would remand to the magistrate to determine whether the medical procedure proposed for plaintiff is unreasonably dangerous and whether it affords a reasonable chance for enabling plaintiff to resume work. Plaintiff, a truck driver, suffered a work-related neck injury that has disabled her from performing her job. Her doctor recommended that she undergo surgery in order to alleviate her pain. However, as a precondition to performing the surgery, the doctor ordered plaintiff to cease smoking for six months. After three months, she resumed smoking and the doctor canceled her surgery. The magistrate subsequently granted defendant's motion to suspend workers' compensation benefits, holding that plaintiff's failure to cease smoking in preparation for surgery constituted an unreasonable refusal of medical treatment. The WCAC reversed.

In order to justify the suspension of benefits, defendant must demonstrate that plaintiff unreasonably refused medical treatment. Contrary to the WCAC, I fail to see an obvious distinction between an explicit rejection of medical treatment and an affirmative decision to engage in behavior that renders such treatment impossible. Accordingly, I

believe that plaintiff's failure to cease smoking for the required six months effectively constituted a refusal of medical treatment.

The question remains whether that refusal was unreasonable. "'If the operation is not attended with danger to life or health, or extraordinary suffering, and if, according to the best medical or surgical opinion, the operation offers a reasonable prospect of restoration or relief from the incapacity from which the workman is suffering, then he must either submit to the operation or release his employers from the obligation to maintain him.'" *Kricinovich v American Car & Foundry Co,* 192 Mich 687, 690 (1916) (citation omitted); see also *Couch v Saginaw Malleable Iron Plant*, 42 Mich App 223, 226 (1972). Here, the magistrate determined that plaintiff's refusal was unreasonable based solely on "her lack of control to prepare herself for surgery . . . ." However, the magistrate did not undertake any further determinations concerning whether the operation could be undertaken without danger to life or health or whether it offered plaintiff a reasonable prospect of relieving her pain. While the WCAC referenced testimony by plaintiff's physician that she "may not be any better or may be worse after the surgical procedures," this could be said of any surgery. By itself, this testimony does not demonstrate that there was a reasonable basis for plaintiff's refusal to undergo the surgery. I would have the magistrate assess the relevant circumstances and render such a determination.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 15, 2006

*Corbin R. Davis*
Clerk

t1212